UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM BELT, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF RAPID CITY, MICHELLE PAULSON, WHO IS SUED IN HER OFFICIAL AND INDIVIDUAL CAPACITY; <br><br> Defendants. | 5:24-CV-05021-RAL <br><br><br> OPINION AND ORDER GRANTING MOTION FOR JUDICIAL NOTICE, DENYING MOTION FOR JUDGMENT ON THE PLEADINGS, AND GRANTING MOTION TO AMEND COMPLAINT |

A South Dakota Jury convicted Plaintiff William Belt of sexual contact with a person incapable of consenting in violation of SDCL § 22-22-7.2. Belt filed this 42 U.S.C. § 1983 lawsuit against the City of Rapid City, South Dakota, and Michelle Paulson, a former forensic examiner for the Rapid City Police Department. Belt alleges that Paulson, who is female, conducted an illegal cross-gender strip search of Belt when she swabbed his penis for DNA evidence, in violation of Belt's Fourth Amendment rights and that Rapid City Police Department policy and practice allow such cross-gender strip searches.

Defendants filed a motion requesting this Court take Judicial Notice of Belt's underlying state court case, Doc. 15, and a motion for judgment on the pleadings, Doc. 18, arguing Belt's § 1983 claim is improper under Heck v. Humphrey, 512 U.S. 477, 487 (1994) and its progeny because judgment in Belt's favor would necessarily imply the invalidity of his state court conviction. Belt subsequently moved to amend his complaint. Doc. 23. Defendants oppose Belt's motion to amend, contending that the motion would be futile because the proposed amendments do not change the analysis under Heck. Doc. 25. For the reasons below, Defendants' Motion for

1

Judicial Notice, Doc. 15, is granted, Defendants' Motion for Judgment on the Pleadings, Doc. 18, is denied, and Belt's Motion for Leave to File First Amended Complaint, Doc. 23, is granted.

## I.   Motion for Judicial Notice

Defendants move for this Court to take judicial notice of Belt's underlying criminal case State v. Belt, Seventh Judicial Circuit, Pennington County, 51CRI22-003969, as well as Belt's appeal decided in State v. Belt, 15 N.W.3d 732 (S.D. 2024). Docs. 15, 33. Defendants submitted the trial court docket, Doc. 17-1, the appellate index, Doc. 17-2, and trial transcript, Docs. 17-3, 17-4, 17-5. Belt does not object to the Defendant's motion. Doc. 20.

The state court filings are public records that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. This Court takes judicial notice of the existence of Belt's state court proceedings but does not take judicial notice of the facts underlying his conviction and sentence. See McIvor v. Credit Control Servs., Inc., 773 F.3d 909, 914 (8th Cir. 2014) ("Judicial notice of another court's opinion takes notice of the existence of the opinion, which is not subject to reasonable dispute over its authenticity, but not of the facts summarized in the opinion." (internal quotations omitted)). Accordingly, Defendant's motion, Doc. 15, is granted.

## II.   Motion for Judgment on the Pleadings

### A. Legal Standard

On a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, courts take the factual allegations pled by the nonmoving party as true and construe all inferences in the nonmoving party's favor but need not accept the nonmoving party's legal conclusions. Official Comm. of Unsecured Creditors v. Archdiocese of St. Paul & Minneapolis

(In re Archdiocese of St. Paul & Minneapolis), 888 F.3d 944, 950 (8th Cir. 2018); Schnuck Mkts., Inc. v. First Data Merch. Servs. Corp., 852 F.3d 732, 739 (8th Cir. 2017).  Courts will grant judgment on the pleadings "only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). Although courts generally must ignore matters outside the pleadings when analyzing a Rule 12(c) motion, they "may consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." Saterdalen v. Spencer, 725 F.3d 838, 841 (8th Cir. 2013) (cleaned up).  Here, Belt's state court proceedings, of which the Court takes judicial notice, are public records that are also necessarily embraced by the pleadings because his federal complaint alleges that a state official conducted an illegal search as part of those proceedings.

### B. Facts Established and Embraced by the Pleadings

On August 17, 2021, Belt was accused of sexually assaulting a 17-year-old.  Doc. 1 ¶ 7; Belt, 15 N.W.3d at 735.  As part of the investigation, Michelle Paulson, then a forensic examiner for the Rapid City Police Department, searched Belt.  Doc. 1 ¶ 7; Belt, 15 N.W.3d at 736.  The search required Belt to remove his clothing so that Paulson could "hold his penis in her hand and swab under his foreskin to search for evidence."  Doc. 1 ¶ 7. Another woman was present during the search.  Id.  Belt was subsequently indicted and charged with second- and third-degree rape and sexual contact with a person incapable of consenting. Doc. 17-1 at 2; Belt, 15 N.W.3d at 736.

At trial, Paulson testified that the search was pursuant to a warrant.[1]  Doc. 17-4 at 158–59. She testified that she utilized a sexual assault evidence collection kit and collected a buccal swab, penile swab, and swabs from Belt's hands and clothing.  Id. at 160–61.  The collection kit was sent

---

[1] Belt does not challenge the validity of the warrant.  Doc. 21 at 4.

3

to the South Dakota Forensic Lab for testing, Doc. 17-5 at 105, and a forensic scientist testified that DNA obtained from the penile swab matched the victim, id. at 114–15. The jury ultimately acquitted Belt of the rape charges but found him guilty of sexual contact with a person incapable of consenting. Id. at 223. Belt is currently housed at the South Dakota State Penitentiary. Offender Locator, S.D. DEP'T OF CORRS., https://docadultlookup.sd.gov/adult/lookup/ (last visited Mar. 31, 2025).

### C. Discussion

Persons acting under color of state law who deprive a person of a constitutional right may be liable to the injured person. 42 U.S.C. § 1983. Belt asserts that when Paulson swabbed Belt's penis in the presence of another woman she violated his right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments. Doc. 1 ¶¶ 10–11. The Defendants argue that Belt's action must be dismissed under Heck v. Humphrey, 512 U.S. 477 (1994) because finding the cross-gender search and resulting seizure of his DNA unconstitutional would impliedly invalidate his conviction and sentence. Doc. 19.

This case "lies at the intersection of" 42 U.S.C. § 1983 and 28 U.S.C. § 2254. Heck, 512 U.S. at 480. Both statutes provide a remedy for unconstitutional acts by state officials, but they "differ in their scope and operation." Id. "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement," Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), and so claims that would invalidate a conviction are not cognizable under § 1983 and are instead proper under § 2254, Heck, 512 U.S. at 480. Accordingly, when a prisoner pursues a claim under § 1983, a district court must determine "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487. If it would, the action must be dismissed unless the conviction

or sentence has already been invalidated, for example through a § 2254 petition.  Id.; see also Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam) ("[W]here success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.").  If, however, the plaintiff's successful § 1983 claim would not demonstrate the invalidity of the conviction or sentence, the action is allowed to proceed.  Heck, 512 U.S. at 487.

The Supreme Court has "underscored that the implication" of invalidity "must be *necessary*" for a § 1983 claim to be barred under Heck.  Nance v. Ward, 597 U.S. 159, 168 (2022) (cleaned up and internal quotations omitted).  For example, "an inmate could bring a challenge to the lawfulness of a search pursuant to § 1983 in the first instance, even if the search revealed evidence used to convict the inmate at trial," because doctrines such as inevitable discovery, independent source, and harmless error make clear that some unlawful searches do not necessarily vitiate a conviction.  Nelson v. Campbell, 541 U.S. 637, 647 (2004) (citing Heck, 512 U.S., at 487 n.7).

The federal courts of appeals are split on how to address whether an unlawful search necessarily implies the invalidity of a conviction, with some circuits categorically holding claims alleging unlawful searches are not Heck-barred and other circuits applying a fact-based analysis. Compare Dominguez v. Hendley, 545 F.3d 585, 589 (7th Cir. 2008) ("Even if no conviction could have been obtained in the absence of the violation, . . . Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended under the Heck bar to suit."), with Pearson v. Weischedel, 349 F. App'x 343, 348 n.2 (10th Cir. 2009) ("Importantly, we do not recognize a blanket Fourth Amendment exception to Heck as Mr.

Pearson urges us to do; however, we do find that success on Mr. Pearson's Fourth Amendment claims in this § 1983 action would not necessarily invalidate his criminal conviction and are not barred by Heck."). The Eighth Circuit has not expressly adopted either approach but appears more aligned with the categorical approach. See, e.g., Volner v. Mabe, No. 24-1007, 2024 WL 1696805 (8th Cir. Apr. 19, 2024) (per curium) (unpublished) (reversing the district court's dismissal under Heck of a § 1983 claim alleging a search leading to drug conviction was unconstitutional); Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (citing Heck, 512 U.S., at 487 n.7) (noting "Moore's unlawful-seizure claim falls within this category").

Regardless of the approach used, Belt's allegation that a cross-gender strip search violated his right to be free from unreasonable searches and seizures, if true,[2] does not necessarily imply the invalidity of his conviction. Heck, 512 U.S. at 487. The unlawfulness alleged is not the search for evidence but rather that the search was conducted by a female and in the presence of another female. The presumed unlawful activity had no bearing on Belt's guilt or innocence in his state case. Thus, Belt's § 1983 claim "challenges not the validity of" the search, "but only the State's mode of carrying it out." Nance, 597 U.S. at 172. Additionally, the search was conducted pursuant to a valid warrant. Doc. 17-4 at 158–59; Doc. 21 at 4. The State, therefore, lawfully could search for and seize Belt's DNA evidence and other trace evidence using a penile swab, and the evidence would not be excluded. See United States v. Leon, 468 U.S. 897, 918 (1984) ("[S]uppression of evidence obtained pursuant to a warrant should be ordered . . . only in those unusual cases in which exclusion will further the purposes of the exclusionary rule."). Because Belt's lawsuit, even if

---

[2] At this stage, the Defendants are not challenging whether the conduct in question violated the Fourth Amendment, Doc. 19; Doc. 22 at 5, and this Court makes no conclusion one way or the other.

successful, "would not *necessarily* imply that [his] conviction was unlawful," his claim is proper under 42 U.S.C. § 1983. Heck, 512 U.S. at 487 n.7.[3]

### III.    Motion to Amend

Belt seeks to amend his complaint to include information obtained during discovery. Doc. 23; Doc. 24 at 1.  Defendants oppose the motion, arguing that the motion for leave to amend is futile for the reasons set forth in their Motion for Judgment on the Pleadings because the information contained in the proposed amended complaint would not alter the analysis under Heck and its progeny. Doc. 25 at 1–2.

A party may amend its pleading with the court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "[D]enial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." U.S. ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 557 (8th Cir. 2006).  Defendants' Motion for Judgment on the Pleadings is denied, so the amendments are not futile.  Defendants have no other objection to the Plaintiff's proposed amendments.  The Scheduling Order provides that the parties had until December 1, 2024, to amend their pleadings, Doc. 11 ¶ 4, and Belt filed his motion to amend on November 7, 2024, Doc. 23.  Finally, there is no showing of bad faith on the part of Belt or prejudice to Defendants. Accordingly, the Court grants leave for Belt to amend his complaint.

---

[3] Both Belt and Defendants make arguments concerning the potential success of habeas corpus proceedings in connection with his § 1983 claim. Doc. 21 at 4; Doc. 22 at 4.  Whether a plaintiff might succeed on the merits of a habeas corpus petition is immaterial to the question at hand.  See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) ("[H]abeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement."); Nance, 597 U.S. at 178 ("[T]he unavailability of federal habeas relief does not justify recourse to § 1983.") (Barrett, J., dissenting).

## IV.   Conclusion

For the reasons above, it is

ORDERED that Defendants' Motion for Judicial Notice, Doc. 15, is granted.  It is further

ORDERED that Defendants' Motion for Judgment on the Pleadings, Doc. 18, is denied.  It is further

ORDERED that Belt's Motion for Leave to File First Amended Complaint, Doc. 23, is granted.

DATED this 2nd day of April, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

8